UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OVED MIGUEL MONTOYA DIAZ,
(A#206-004-490),

Petitioner,

v.

WARDEN, CALIFORNIA CITY
CORRECTIONAL CENTER,

Respondent.

No.  1:26-cv-03171-DJC-SCR

FINDINGS & RECOMMENDATIONS

Petitioner has been in federal immigration detention for seven months and filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  Petitioner's motion for a temporary restraining order (ECF No. 2) and habeas corpus petition (ECF No. 1), both of which he filed pro se, are pending before the Court.  District Judge Calabretta referred the matter to the undersigned for the submission of findings and recommendations.  For the reasons described below, the undersigned recommends granting the § 2241 petition and ordering petitioner's immediate release from immigration detention.  Based on this recommendation, the undersigned further recommends that the motion for a temporary restraining order be denied as moot.

I.      **Factual and Procedural History**

Petitioner is a native and citizen of Nicaragua who crossed the border into the United States in July 2021.  ECF No. 1 at 4.  He subsequently married a U.S. citizen who submitted a

1

family-based immigration petition (known as an I-130) on petitioner's behalf on January 14, 2025.  ECF No. 1 at 5, 33.  This petition remains pending.  Id.  On June 25, 2024, he was convicted of the misdemeanor of Driving Under the Influence ("DUI") in Salt Lake County, Utah.  ECF No. 1 at 34.

An immigration judge ("IJ") denied his request for asylum and ordered him removed, but granted him withholding of removal to Nicaragua on October 22, 2025.  ECF No. 1 at 29-32.  Immigration and Customs Enforcement ("ICE") detained petitioner inside the immigration courthouse in Farmington, Utah after this hearing.  ECF No. 8 at 4.  Petitioner is currently detained at the California City Detention Center located in this judicial district.  ECF No. 1 at 3.  While in immigration detention, petitioner sustained a hairline fracture and has also suffered from depression.  ECF No. 2 at 3.

In claim one of his § 2241 petition, he challenges his prolonged detention as a violation of the Immigration and Nationality Act ("INA") and Zadvydas v. Davis, 533 U.S. 678 (2001), because his removal is not reasonably foreseeable since he cannot be returned to Nicaragua.  ECF No. 1 at 7-8.  Next, petitioner challenges his detention as a violation of his Fifth Amendment right to due process.  ECF No. 1 at 8.  By way of relief, petitioner seeks immediate release, or, in the alternative, a bond hearing to determine whether his detention is justified.  Id. at 9.

At the outset of its answer, respondent asserts that this court lacks jurisdiction to adjudicate claims arising from the execution of immigration removal orders pursuant to 8 U.S.C. § 1252(g).  ECF No. 7 at 1.  Regarding the merits, respondent contends that petitioner is mandatorily detained pursuant to 8 U.S.C. § 1231(a)(2) based on his final order of removal issued on October 22, 2025.  ECF No. 7 at 1-2.  The government notified petitioner on December 31, 2025 that they intend to remove him to the third country of Mexico.  ECF No. 7-1 at 1.  Petitioner's detention is not prolonged under Zadvydas since, according to respondent's calculation, the six-month presumptively reasonable period of detention did not commence until January 20, 2026.  ECF No. 7 at 2.  Additionally, respondent claims there is a significant likelihood of his removal to Mexico.  Id.

Respondent further contends that petitioner was provided a bond hearing before an

immigration judge on November 28, 2025 who denied him bond. ECF No. 7-2 (Notice of Appeal from an IJ Decision). Petitioner's appeal of the IJ's bond denial remains pending before the Board of Immigration Appeals. ECF No. 7-2. For this reason, respondent submits that the exhaustion of administrative remedies should not be excused for petitioner's due process challenge. ECF No. 7 at 1-2.

Finally, to the extent that petitioner is entitled to any relief, respondent submits that it is generally only a bond hearing and not immediate release. ECF No 7 at 2.

In his reply, petitioner emphasizes that his detention has exceeded the presumptively reasonable six-month period established by Zadvydas. ECF No. 8. Additionally, based on his pending I-130 application, his removal is speculative and not reasonably foreseeable. ECF No. 8 at 4.

**II.      Immigration Detention Framework After a Final Order of Removal**

The detention of noncitizens who have been ordered removed from the United States is governed by 8 U.S.C. § 1231(a). "In particular, § 1231(a)(6) provides that after a 90-day 'removal period,' a noncitizen 'may be detained' or may be released under terms of supervision." Johnson v. Arteaga-Martinez, 596 U.S. 573, 575 (2022). After this 90 day removal period has elapsed, ongoing detention is only authorized for "four categories of people: (1) those who are 'inadmissible' on certain specified grounds; (2) those who are 'removable' on certain specified grounds; (3) those it determines 'to be a risk to the community'; and (4) those it determines to be 'unlikely to comply with the order of removal.'" Arteaga-Martinez, 596 U.S. at 578–79 (quoting 8 U.SC. § 1231(a)(6)). Respondent has not taken the position that petitioner falls within one of those four categories based on his single misdemeanor conviction. Therefore, as a threshold matter, it is not clear whether respondent has properly exercised the statutory discretion under § 1231(a)(6) to maintain petitioner in custody.

The Supreme Court examined the constitutional limits of detention under § 1231(a)(6) in Zadvydas, describing as "obvious" the "serious constitutional problem arising out of a statute that, in these circumstances, permits an indefinite, perhaps permanent, deprivation of human liberty without any" procedural "protection[s.]" 533 U.S. at 692 (2001). Zadvydas read an

3

implicit due process limitation into the immigration statute governing the removal of noncitizens subject to a final order of removal in order to avoid serious constitutional problems.  The Supreme Court reasoned that "the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."  Zadvydas, 533 U.S. at 693.  As a result, "once [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."  Zadvydas, 533 U.S. at 699.  In order to establish a uniform standard for determining when ongoing detention crosses constitutionally acceptable limits, the Court recognized a presumptively reasonable six month period of detention.  Id. at 701.  If a noncitizen "provides a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  Id.

### III.    Analysis

#### A.  Jurisdiction

Turning first to respondent's jurisdictional challenge, the Supreme Court has narrowly interpreted § 1252(g) as applying "only to [those] three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'"  Reno v. Am.-Arab Anti-Discrimination Comm. et al., 525 U.S. 471, 482 (1999) (emphasis omitted) (quoting 8 U.S.C. § 1252(g)).  The statute, however, does not "sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General."  Jennings v. Rodriguez, 583 U.S. 281, 294 (2018).  "Thus, decisions or actions that are a part of the deportation process, but not specifically the action of commencing proceedings, adjudicating cases, or executing removal orders, are not jurisdictionally barred from judicial review."  Trieu Minh Ly, v. Bondi, No. 5:26-cv-01320-SPG-DFM, 2026 WL 917605, * 4 (C.D. Cal. March 31, 2026) (citations omitted).  In this case, petitioner is not challenging the decision to "commence proceedings, adjudicate cases, or execute [his] removal order[]" because the IJ granted him withholding of removal to Nicaragua.  Instead, he is challenging his prolonged detention in immigration custody.  Therefore, § 1252(g) is no obstacle to review of that challenge.

////

**B.  Zadvydas Analysis**

**1.      Petitioner's Detention Is Not Presumptively Reasonable**

Petitioner's final order of removal became final on October 22, 2025 because each side waived the right to appeal the IJ's decision granting withholding of removal.  See ECF No. 1 at 32.  The parties only differ as to how to calculate the six-month presumptively reasonable period of detention outlined in Zadvydas.  Respondent suggests that the six month presumptively reasonable period does not start until after the 90-day mandatory detention period of 8 U.S.C. § 1231(a) has ended.  ECF No. 7 at 2.  However, they cite no legal authority for that proposition. The undersigned rejects such an interpretation and is unaware of any court to have adopted it. Therefore, the undersigned concludes that petitioner has been detained for seven months which exceeds the length of detention found presumptively reasonable in Zadvydas.

**2.  Significant Likelihood of Removal in the Reasonably Foreseeable Future**

Petitioner has met his burden of establishing a "good reason to believe" that there is no significant likelihood of his removal in the reasonably foreseeable future because he was granted withholding of removal to Nicaragua and because he has a pending family-based immigration petition which respondent does not even address.  See Iskondave v. Santacruz, Jr., et al., No. 5:26-cv-01036-MCS-DTB, 2026 WL 1047041, *2 (C.D. Cal. March 12, 2026) (finding that "the withholding of removal to Syria coupled with the approved I-130 petition presents good reason to believe that there is no significant likelihood that Petitioner will be removed to Syria in the reasonably foreseeable future").[1]   The burden therefore shifts to respondent to rebut that showing.  See Zadvydas, 533 U.S. at 701.

////

---

[1] The most important fact in favor of petitioner here is withholding of removal to Nicaragua.  See Abdirahman v. Noem, Case No.: 3:26-cv-00177-RBM-AHG, 2026 WL 311509, at *2 (S.D. Cal. Feb. 5, 2026) (holding petitioner satisfied his burden under Zadvydas because he was granted withholding of removal to his country of origin and established that "ICE has not been able to remove [him] to a third country for over 7 months") (internal citation omitted).  However, his pending I-130 petition may also be a relevant fact.  If that petition is approved, petitioner could then file a motion to reopen his removal proceedings.  See Kalilu v. Mukasey, 548 F.3d 1215, 1217-18 (9th Cir. 2008) (per curiam) (describing a non-citizen's ability to file a motion to reopen with an approved I-130 petition).

In this case, there is no countervailing evidence in the record to demonstrate a significant likelihood of petitioner's removal to Mexico in the reasonably foreseeable future.  Although respondent notified petitioner in December 2025 of DHS's intent to remove him to Mexico, respondent did not submit evidence describing any specific efforts to do so in the five months that have elapsed since the notice was issued.  This silent record leads the court to conclude that there is no significant likelihood of petitioner's removal in the reasonably foreseeable future.  Accordingly, petitioner has sufficiently established that his removal is not reasonably foreseeable and that his ongoing detention is not reasonably necessary to secure his removal.  See Zadvydas, 533 U.S. at 699–700.  Therefore, the court recommends granting the § 2241petition on claim one based on his unlawful prolonged detention.[2]

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on claim one.

2.  Respondent be ordered to immediately release Petitioner Oved Miguel Montoya Diaz (A#206-004-490) under conditions of supervision dictated by applicable statutes and regulations.

3.  The Clerk of Court be directed to serve the California City Detention Facility with a copy of any final order granting release.

4.  Respondent shall not redetain petitioner unless and until they comply with all procedures set forth in 8 C.F.R. § 241.13(i) and any other applicable statutes and regulations.

5.  Petitioner's motion for a temporary restraining order (ECF No. 2) be denied as moot in light of the recommendation to grant the § 2241 petition.

6.  Judgment be entered in petitioner's favor and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period

---

[2]  In the interests of judicial economy, the remaining claim is not addressed herein in light of the recommended relief.

6

is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 22, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE